FILED

LEON R. Thomas.
FULL NAME

COMMITTED NAME (if different)

P.O. Box 5300 Federal Correctional Complex
FULL ADDRESS INCLUDING NAME OF INSTITUTION

Adelanto, CA 92301 - Victorville

PRISON NUMBER (if applicable) #06129-027

2010 APR 20  PM 3:08

CLERK, U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

Recieved

CLERK, U.S. DISTRICT COURT

MAR 4 2010

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

LEON R. Thomas

PLAINTIFF,

Francisco J. Quintana, A. W. Juergensen,
LT. K. Lopez, Officer J. Zumkhee,
Jeffery Allen, et. al.   DEFENDANT(S).

CASE NUMBER CV10 1656

CV10-2671 ODW (FMO)

To be supplied by the Clerk

(FMO)

CIVIL RIGHTS COMPLAINT
PURSUANT TO (Check one)

☐ 42 U.S.C. § 1983
☑ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

2010 MAR -5  PM 5:27

LODGED

LODGED

## A.  PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☑ Yes   ☐ No.

2. If your answer to "1." is yes, how many?  _____2_____

Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

1.) Newspaper Company - Hammond Time., Issue; Incorrect Article in the Newspaper. 2000, Hammond, Indiana.

2.) Metropolitan Correction Center; Issue, Built me and Handicap Shower Seat in the year 2000, the Shower Seat collapsed to the floor, causing portions of the wall to fall on top of me while on the floor; unprofessional inmates did the installing, lawsuit didn't survive Summary Judgement, because I had Tort Claim in at same time, lawsuit dismissed; but a settlement was reached with Federal Officials.

a. Parties to this previous lawsuit: *LEON R. THOMAS JR.*
   Plaintiff

   Defendants *Metropolitan Correctional Center*

b. Court *United States District Court*

c. Docket or case number *Unknown*

d. Name of judge to whom case was assigned *Unknown*

e. Disposition (For example: Was the case dismissed?  If so, what was the basis for dismissal?  Was it appealed?  Is it still pending?) *Dismissed*

f. Issues raised: *Back Injuries, Head Injuries.*

g. Approximate date of filing lawsuit: *2000*

h. Approximate date of disposition *Around April of 2000.*

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☑ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☑ Yes   ☐ No

   If your answer is no, explain why not

3. Is the grievance procedure completed? ☑ Yes   ☐ No

   If your answer is no, explain why not

4. Please attach copies of papers related to the grievance procedure. *okay*

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff *LEON R. Thomas.*
   (print plaintiff's name)

who presently resides at *Federal Correctional Complex P.O. Box 5300 Adelanto, Ca 92301*
   (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

*United State Penitentiary Also Address is   P.O. Box 5300 Adelanto, Ca 92301,*
   (institution/city where violation occurred)

on (date or dates) _____ , _____ , _____
                    (Claim I)          (Claim II)          (Claim III)

**NOTE:**     You need not name more than one defendant or allege more than one claim. If you are naming more than
              five (5) defendants, make a copy of this page to provide the information for additional defendants.

1.  Defendant   FRANCISCO J. QUINTANA                              resides or works at
                (full name of first defendant)
    United States Penitentiary P.O.Box 5400 Adelanto, CA 92301
    (full address of first defendant)
                          WARDEN
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual  ☑ official capacity.

    Explain how this defendant was acting under color of law:
    WARDEN Quintana, is employed as the WARDEN at the United States Penitentiary
    As is AWARE of my medical situation AND have done nothing about it.

2.  Defendant   A.W. JURGENSEN                                    resides or works at
                (full name of first defendant)
    Federal Correctional Complex 1 P.O.Box 5300 Adelanto, CA 92301
    (full address of first defendant)
       Associate WARDEN / Acting WARDEN
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual  ☑ official capacity.

    Explain how this defendant was acting under color of law:
    A.W. Jurgensen, is the Acting WARDEN, he is denying me All
    medical handicap equipment, - Back Brace, Wheelchair Cushion, Trapeze etc.

3.  Defendant   LT. K. LOPEZ                                      resides or works at
                (full name of first defendant)
    United States Penitentiary P.O.Box 5400 Adelanto, CA 92301
    (full address of first defendant)
               LT.
    (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual  ☑ official capacity.

    Explain how this defendant was acting under color of law:
    LT. Lopez, left the United States Penitentiary Complex, came over
    to the Federal Corr. Complex 1, had me handcuffed and brought to
    LT. Pfister office, on 2-17-10 Wednesday at 3.33 P.M., AND stated that
    if I sign off on an Complaint that I filed, I would be
    given All of my medical supplies and be put back on the Compound,
    PER WARDEN Quintana. "SEE MEMORANDUM IN SUPPORT"

4. Defendant _Officer C. Zumkhee_ resides or works at
(full name of first defendant)
_P.O. Box 5300   United States Penitentiary, Adelanto, CA 92301_
(full address of first defendant)
_Correctional Officer_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☑ official capacity.

Explain how this defendant was acting under color of law:
_Officer Zumkhee, physically Assaulted me by throwing me out of the wheelchair on 8-13-09._

5. Defendant _JEFFERY ALLEN_ resides or works at
(full name of first defendant)
_Federal Bureau of Prisons 320 First Street N.W. Washington, D.C 20_
(full address of first defendant)
_Medical Dessignator_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual ☑ official capacity.

Explain how this defendant was acting under color of law:
_Mr. Allen, has constantly subjected me to cruel and unusual punishment, by repeatly denying me and medical transfer, medical staff has on (3) three different occasion put me in for and 270 medical transfer and state their reasons why, one of the reasons that I am a CARE LEVEL 3, and is been housed in a care 1 and 2 facility, and the medical really can not treat me properly here at this facility. The facility U.S.P. Victorville is not handicap equiped, their are "no rails in the shower in the general population units, their are "no handicap rails around the toilets in the special housing units. The WARDEN, Medical Staff, will not let me have my medical handicap trapeze; I need this device so I can turn over from side to side, by me been denied my trapeze, I can not turn over without difficulty; this has caused me to have bed sore's all over my body; and I am been forced to put up and sheet to pull up on and when it breaks when I pull my self up I re-injury my back_

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

All of the defendants is in violation of the American With Disabilities Act., AND has subjected me to cruel AND unusal punishment AND Eighth Amendment violation AND section 503 of the A.D.A. policy AND the Uniform Accessibility Standard Architectural Barriers Act.

DEFENDANT Officer J. Zumkher; is being charged with physical abuse, AND (8) Eighth Amendment violation.

All other defendants are being charged with Physical Torture AND (8) Eighth Amendment violation.

Supporting Facts:  Include all facts you consider important.  State the facts clearly, in your own words, and without citing legal authority or argument.  Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

Warden Quintana, has been made aware of my situation over at the F.C.C.I where I am being housed as an (U.S.P holdover), that I am being denied all medical handicap equipment; that I am being housed in a non-handicap cell; with "NO handicap rails around the toilet AND the bottom handicap shower is broken AND has been this way for (7) seven months.
"SEE MEMORANDUM OF LAW"

A.W. Jorgensen, is the acting Warden at the F.C.C I, he has denied me all of my medical handicap equipment, AND has subjected me to cruel AND unusal punishment, behind his denial for "No good reason at all. I am constantly re-injuring myself trying to use the toilet at night, My back is constantly hurting because he will not let me have my back brace, wheelchair cushion or my medical handicap trapeze. "SEE MEMORANDUM OF LAW"

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

CONT's Attachment Sheet 1

**CIVIL RIGHTS COMPLAINT**

ATTACHMENT Sheet I

L.T. K. Lopez, has violated the ADA policy, under Section 503, which prohibits retaliation against any individual who exercises his or her rights under the Act. L.T. K. Lopez, has violated paragraph (b) which states that "no private or public entity, shall coerce, intimidate, threaten, or interfere with any individual in the exercise of his or her rights under this part or because that individual aided or encouraged any other individual in the exercise of any rights granted or protected by the Act.

L.T. K. Lopez, is been charged with interfering in and A.D.A complaint I filed against Warden Quintana, by leaving the United States Prison, coming over to the FCC1, and had me to sign off on and complaint I had file against the Warden, by coercion and threats. L.T. K. Lopez, stated the following to me on 2-17-10 at approximately 3.33pm on a Wednesday. That if I signed off on the ADA policy complaint I had filed against the Warden, I would recieve all of my medical supplies and I would be released back to the "compound - general population" and if I did not I would sit and rot in the S.H.U.

(7)

So I signed off on the Complaint, under these conditions, today is 2-22-10 = Monday 4:17 P.M., still I have not recieved none of my medical handicap equipment. Also LT. K. Lopez used the Warden name under a direct lie, to achieve his goal..

Officer J. Zumkher, Has subjected me to physical Abuse, by illegally throwing me out of my wheelchair, because I ask to speak with the Lieutenant on duty. On 8-13-09 while leaving the chow hall 11:09 A.M. as I came out the chow hall going to the evening pill line, I was approached by officer J. Zumkher whom stated, I have been waiting on your Ass, shake down stand up; I told this constant harrasing officer, to get away from me he anit putting his hands on me, and to have and officer shake me down, so I ask officer Lopez, to shake me down and he stated I anit in this and walk away "See the hallway Camera ⊘ leaving the chow hall 8-13-09 at 11:09 A.M. to confirm incident. Officer J. Zumkher, stated he has some chicken on him, so I lifted my shirt up nothing. I then was taken to

the lieutenant office holding cell, their I sat for an hour or more, inside the holding cell; their I found some black substance, which I thought was Re-chew, and some tobbaco, an marejuhana; so I placed it in my legal work I had with me, that was shook down and given back to me. After and hour or so the officers came to get me from the holding cell officer J. Zumther came and tried to handcuff me, I stated you anit doing nothing to me, so I ask another officer to handcuff me, After I am <u>handcuffed</u> officer Sheppard got behind my wheelchair and was pushing me to the S.H.U., I then ask to speak to a lieutenant, the next thing I knew officer J. Zumther had made his way behind my wheelchair and lifted me up and threw me on the floor, injurying my back, leg, arm., I then became angry started cussing at officer Zumther he then leaned over me, while I am on the floor and tried to hit me, with fit balded up, officer Sheppard and L.T. Bent had to stop him; officer J. Zumther.,

ON. (2) Two different OCCASSION TRIED to hit me, while I WAS laying on the floor handcuffed, this officer had to be physically RESTRAINED by other officers., I AM ASking for the United States District Court; to REVIEW the CAMERA inside the Lieutenants office, while I AM laying on the floor handcuffed., AFTER AND ONLY AFTER I WAS thrown out of my wheelchair AND officer Zumkher tried to hit me, I THEN became Angry AND cussing. I THEN WAS taken to the S.H.U. AND stripped SEARCHED AgAin their All contraband WAS found.

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA.

LEON R. Thomas - plaintiff

        V.                        (1)          CAUSE NO. _____

Francisco J. Quintana.
Et. AL. - Defendants

" MEMORANDUM   OF   LAW "

Come's now the plaintiff LEON R. Thomas, PRO-SE AND files his Memorandum OF Law In Support of his constitutional claim.


The plaintiff states all defendants Acted under color of law, AND subjected the plaintiff to cruel and unusal punishment AND Eighth Amendment violation, and at all times the defendants acted with clear deliberate indifferences., AND Knowly and intentionally violated the America's With Disabilities Act.


= Cont's =

<u>OBligations</u> ; The government has obligations to provide medical care for those whom it is punishing by incarceration. U.S.C.A. Const. 8 Amend.

<u>WARDEN Quintana AND A.W. Jurgensen</u> ; has inflicted unnecessary suffering on the plaintiff by failure to treat the plaintiff medical needs and this is inconsistent with contemporary standards of decency and violates the Eighth Amendment. "See <u>Estelle -V- Gamble</u> ; 429 (U.S. 97, S.Ct. 285 Certiorari Granted). Deliberate indifference to serious medical needs of prisoners constitutes unnecessary and wanton infliction of pain proscribed by the Eighth Amendment whether the indifference is manifested by prison doctors in response to prison needs or by prison guards in <u>intentionally</u> denying or delaying Access to medical care or intentionally interfering with treatment once prescribed, Regardless of how Evidenced deliberate indifference to prisoner serious illness or injuries states cause of action under civil Rights Statue. U.S.C.A. Const. Amend. 8. 42 U.S.C.A § 1983.

An inmate must rely on prison Authorities to treat his medical needs, if the Authorities fail to do so, those needs will not be met. In the worst cases, such a failure may Actually produce physical torture.

Finally; <u>Warden Quintana</u>, has violated my eighth Amendment Right, by not Acting and subject me to cruel and unusal punishment, and violation of the A.D.A. policy, by not given me my medical supplies.

<u>A.W. Jurgensen</u>, has subjected me to cruel and unusal punishment, by with holding and denying me my medical supplies, even though I have <u>Approved paperwork</u>, for these medical supplies, and have had these same exact medical supplies, Back Brace, wheelchair cushion, Trapeze in every Prison I have been At. ("<u>See Exhibit A</u>")

<u>Jeffery Allen</u>, Is the Central office Medical Designator, he has subjected the plaintiff to unnecessary cruel and unusal punishment and has on numberous occassion violated the plaintiff Rights under the A.D.A. Policy.

## <u>Allegations]</u>

1.) The medical staff at victorville has put me in for (3) three medical transfer <u>770</u> at all times; Mr. Jeffery Allen denys my transfer without explanation.

2.) The medical staff at U.S.P. Victorville and the unit team officials has all stated that I am a care level <u>3</u> prisoner confined in a care level <u>1</u> and <u>2</u> institution, that is not handicap equiped.

3.) On many different <sup>occassions</sup> <u>2</u> twice I have fell in the non-handicap

Shower AND injuried my back AND leg AND Arm; because my leg gave out in the shower, when I was forced to stand in the shower with only (1) one leg, AND their been "No handicap rails in the shower in the general population I fell AND injuried myself AND was taken to the medical section AND was given injections] in my back.

4.) The medical staff Also put me in for a transfer because I need the use of my medical trapeze, without this device I have extreme difficulties turning over from side to side; because I only have (1) one leg AND A bad back problem, I have bed sore's all over my body because the institution states, you can not have your trapeze here, even though you need it, we have put you in for A transfer, then Jeffery Allen denies it without explanation.

5.) The Medical Designator for the Western Region approves me several medical tranfers, because the medical doctor at Victorville, states I do not belong here I Am A care level 3 AND I have to many confirmed medical issue's AND staff had started to complain to him, Mr. Jeffery Allen over rides AND denies the transfer.

6.) MR. JEFFERY ALLEN, HAS NEVER BEEN OR VISITED U.S.P. Victorville
he does NOT CARE if I Am iN A NON-HANDICAP frcility;
he Also does not CARE About my medical NEEDS OR issues
EVEN though; the WESTERN Regional OFFICE, the medical
doctor, the unit team officials All STATES I NEED to
be AT AN CARE level 3 frcility OR AN medical CENTER,
MR. JEFFERY Allen goes Against All PROFESSIONAL judgement
AND DENIES my TRANSFERS.

7.) MR. JEFFERY ALLEN., hAS Also DENIED ME AND PROTHETIC leg;
I hAVE BEEN without my prothetic leg SINCE 2007;
SINCE MR. JEFFERY Allen ORDERED it TAKEN, AND I hAVE
BEEN struggling dAy to dAy without, it...

## "Conclusion"

The plaintiff has spent (7) SEVEN months AND counting on lockup
without his medical handicap equipment AND without INTERVENTION
from the court, their is A good chance things will
REMAIN this wAy.

Leon R. Thomas   #06129-02

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

That I have my day in court with all defendants, and that I be sent to a medical center, and be awarded the sum of $7000 from each defendant and a trial by Jury and also be awarded attorneys fee's, and all cost of this action be taxed against the defendants.

Also the plaintiff, is requesting special intervention from the court to be properly placed at an medical center and given all of his medical supplies.

2-23-10
_____
(Date)

Leon R. Thomas.
_____
(Signature of Plaintiff)

# Bureau of Prisons
# Health Services
## Medical Duty Status

Reg. # 06129-027    Inmate Name: THOMAS, LEON

### Housing Status

\_ confined to the living quarters except \_\_meals    \_\_pill line    \_\_treatments    Exp. Date: _____

\_ on complete bed rest: _____bathroom privileges only    Exp. Date: _____

X cell:  X cell on first floor   X single cell  X lower bunk  \_airborne infection isolation  Exp. Date: 12/31/2010

X other: Please allow extra toilet paper and wooden cruthes.    Exp. Date: 06/30/2010

### Physical Limitation/Restriction

X all sports    Exp. Date: 12/31/2010

\_ weightlifting:  \_upper body    \_lower body    Exp. Date: _____

\_ cardiovascular exercise: \_running \_jogging \_walking \_softball    Exp. Date: _____
      \_football \_basketball \_handball \_stationary equipment

\_ other: _____    Exp. Date: _____

### May have the following equipment/device in his possession

| Equipment | Start Date | End Date |
|---|---|---|
| | 08/07/2009 | |
| Crutches | 02/20/2009 | 12/31/2010 |
| Cushion: foam/gel | 02/10/2009 | 12/31/2010 |
| Medical Shoes | 10/30/2008 | 07/28/2010 |
| Brace - back | 09/17/2008 | 12/31/2010 |
| Wheelchair | 09/17/2008 | 12/31/2010 |
| Medical Shoes | 09/17/2008 | 12/31/2010 |
| Brace - back | 09/17/2008 | 04/20/2010 |
| Trapeze | 09/12/2008 | 12/31/2010 |
| Crutches | 09/12/2008 | 12/31/2010 |
| Cushion: foam/gel | 09/12/2008 | 04/20/2010 |
| Trapeze | 09/12/2008 | 04/20/2010 |
| Wheelchair | | |

### Work Restriction/ Limitations

Cleared for Food Service:  No_____

X  No Restrictions

### Restraint Restrictions

\_cuff only front    \_no leg irons    \_no face down position in four-point restraints

\_no CN gas    \_no pepper spray

\_no cuff:  \_right arm    \_left arm    \_right leg    \_left leg    Exp. Date: _____

\_other: _____

**Comments:** N/A

Arce, Bernaliza MLP    01/06/2010
Health Services Staff    Date

Inmate Name: THOMAS, LEON    Reg #: 06129-027    Quarters: Z02

*Exhibit A*

## Bureau of Prisons
## Health Services
## Medical Duty Status

| Reg #: 06129-027 | Inmate Name: THOMAS, LEON |

**Housing Status**

___ confined to the living unit except for:   ___ meals   ___ pill line   ___ treatments   Exp. Date: _____

___ on complete bed rest:   ___ bathroom privileges only   Exp. Date: _____

X cell:   ___ cell on first floor   X single cell   ___ lower bunk   ___ airborne infection isolation   Exp. Date: 12/25/2008

X other:   allowed to have basin for foot soaking.   Exp. Date: 12/25/2008

**Physical Limitation / Restriction**

___ all sports   Exp. Date: _____

___ weightlifting:   ___ upper body   ___ lower body   Exp. Date: _____

___ cardiovascular exercise:   ___ running   ___ jogging   ___ walking   ___ softball   Exp. Date: _____
            ___ football   ___ basketball   ___ handball   ___ stationary equipment

___ other: _____   Exp. Date: _____

**May have the following equipment in his/her possession**

| Equipment | Start Date | End Date |
|---|---|---|
| Wheelchair | 09/17/2008 | |
| Medical Shoes | 09/17/2008 | |
| Brace - back | 09/17/2008 | |
| Trapeze | 09/17/2008 | |
| Crutches | 09/12/2008 | |
| Cushion: foam/gel | 09/12/2008 | |
| Trapeze | 09/12/2008 | |
| Wheelchair | 09/12/2008 | |

**Work Restriction / Limitation**

Cleared for Food Service:   No

X No Restrictions

**Restraint Restrictions**

___ cuff only front   ___ no leg irons   ___ no face down position in four-point restraints

___ no CN gas   ___ no pepper spray

___ no cuff:   ___ right arm   ___ left arm   ___ right leg   ___ left leg   Exp. Date: _____

___ other: _____

**Comments:**   N/A

Fernandez, Jesus MD                                    09/17/2008
Health Services Staff                                          Date

Inmate Name: THOMAS, LEON      Reg #: 06129-027   Quarters: A23

"Exhibit A"

Case 2:10-cv-01656-UA-FMO   Document 1   Filed 03/05/10   Page 18 of 32

## Bureau of Prisons
## Health Services
## Medical Duty Status

Reg #:  06129-027                    Inmate Name:  THOMAS, LEON

### Housing Status
__ confined to the living quarters except __ meals __ pill line __ treatments    Exp. Date: _____

__ on complete bed rest: ___ bathroom privileges only    Exp. Date: _____

X cell: X cell on first floor   X single cell   X lower bunk   ___ airborne infection isolation   Exp. Date: __12/31/2009__

__ other:                                                                       Exp. Date: _____

### Physical Limitation/Restriction                                             Exp. Date: __12/31/2009__

X all sports                                                                    Exp. Date: _____

__ weightlifting: ___ upper body ___ lower body                                 Exp. Date: _____

__ cardiovascular exercise: __ running __ jogging __ walking __ softball
___ football __ basketball __ handball __ stationary equipment

__ other:                                                                       Exp. Date: _____

### May have the following equipment in his / her possession:

| Equipment | Start Date | End Date |
|---|---|---|
|  | 02/20/2009 | 12/31/2009 |
| Cushion: foam/gel | 02/10/2009 | 12/31/2009 |
| Medical Shoes | 10/30/2008 | 07/28/2009 |
| Brace - back | 09/17/2008 | 12/31/2009 |
| Wheelchair | 09/17/2008 | 12/31/2009 |
| Medical Shoes | 09/17/2008 | 12/31/2009 |
| Brace - back | 09/17/2008 | 04/20/2009 |
| Trapeze | 09/12/2008 | 12/31/2009 |
| Crutches | 09/12/2008 | 12/31/2009 |
| Cushion: foam/gel | 09/12/2008 | 04/20/2009 |
| Trapeze | 09/12/2008 | 04/20/2009 |
| Wheelchair | | |

### Work Restriction / Limitation
Cleared for Food Service:  No                                   Expiration Date
                                                                12/31/2009
Restriction
No Duty

### Restraint Restrictions:

__ cuff only front   __ no leg irons   __ no face down position in four-point restraints

__ no CN gas   __ no pepper spray

__ no cuff: __ right arm   __ left arm   __ right leg   __ left leg   Exp. Date: _____

__ other:

**Comments:** N/A

              Elevazo, Jimmy MLP                                __04/20/2009__
                                                                Date
Health Services Staff

Inmate Name: _____ **THOMAS, LEON** _____ Reg #: __06129-027__ Quarters: __Z01__

**Request for Administrative Remedy**
**Case No.: 566304-F2**

This is in response to your Request for Administrative Remedy,
received on December 3, 2009.  In your request, you claim you are
a care level 3 with severe medical problems.  You claim a medical
transfer was denied.  As relief, you request a medical transfer
to the Federal Correctional Complex, Tucson or a medical center.

A review of your medical record and discussion with the Clinical
Director revealed you are classified as a Care Level 2, which
means stable, chronic care.  FCC Victorville is designated as a
Care Level 1 and 2 facility.  Therefore, you are designated at a
facility that is able to address your chronic care conditions of
diabetes and hypertension.  Additionally, you are presently
assigned to a handicap cell with the necessary accommodations
that you need.

Program Statement 6270.01, Medical Designations and Referral
Services for Federal Inmates, indicates medical transfers are
initiated for inmates with an acute medical condition, or for
those inmates who have chronic care needs that cannot be
addressed at the parent institution.  Your current medical status
does not indicate a medical transfer at this time.  If a medical
transfer were to become necessary in the future, it would then be
considered.  Your chronic care conditions will continue to be
monitored and your medical needs accommodated at FCC Victorville.

Accordingly, your Request for Administrative Remedy is denied.
If you are not satisfied with this response, you may appeal to
the Western Regional Director. Your appeal must be received by
the Regional Administrative Remedy Coordinator, Federal Bureau of
Prisons, Western Regional Office, 7338 Shoreline Drive, Stockton,
CA 95219, within twenty (20) calendar days from the date of this
response.

_____          _____
Francisco J. Quintana, Complex Warden     Date

**U.S. Department of Justice, Civil Rights Division, Special Litigation Section**

Address: Special Litigation Section
U.S. Department of Justice
Civil Rights Division
950 Pennsylvania Avenue, N.W.
Washington, DC 20530
Phone: (202) 514-6255 or (877) 218-5228;
(202) 514-0212 fax
Website: www.usdoj.gov/crt/split
Services: Enforce the Civil Rights of Institutionalized Persons Act (CRIPA), which authorizes the Attorney General to conduct investigations and initiate litigation relating to conditions of confinement in state or locally operated institutions. Investigate facilities to determine whether there is a pattern or practice of violations of residents' federal rights. Maintain enforcement responsibility for Title III of the Civil Rights Act of 1964, which prohibits racial discrimination in public facilities. Enforce the portion of the Religious Land Use and Institutionalized Persons Act (RLUIPA) that protects institutionalized individuals' right to the free exercise of their religion. Also, enforce provisions of two different federal statutes relating to law-enforcement misconduct: the police misconduct provision of the Violent Crime Control and Law Enforcement Act of 1994, and the Safe Streets Act of 1968, which authorize the Attorney General to initiate civil litigation to remedy a pattern or practice of discrimination by federally funded law-enforcement agencies based on race and other characteristics.



© 2009 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

2-24-10

Mr. Francisco J. Quintana.
"Warden Office"                    (1)

## Issue's

## "Medical Handicap Equipment"

Mr. Quintana; I write you this letter for the following reasons]. I am a handicap prisoner, confined to a wheelchair, my right leg has been amputed; and I have an confirmed slip disc in my back, and a serve back problem. I have been in the special housing unit for (7) seven months; when I came over to the FCC1 on 8-26-2009 I had all of my medical supplies in my possession, then when I was placed in a cell all of my medical supplies came up (missing.) from one S.H.U. to another. I have been trying for (7) seven months to retrieve my medical supplies and all staff states that they lost them. I am been subject to cruel and unusual punishment for "no reason; I am in need of my back brace, wheelchair cushion and my ace bandage and my trapeze without these devices, everyday life is difficult for me. Also it is in violations of the American With Disabilities Act, to deny me my medical equipment, I have stated this to you and S.H.U. Sergeant's in my numerous letters to both of you all, you

(2)

you are also violating my constitutional rights under the (8) eighth amendment. "I would like for you to give me my handicap equipment on place me in a handicap cell; the cell I am in is not handicap], their are "no rails around the toilet, and the handicap shower bottom button is broken, it has been this way since I have been in this cell. I have been told 100 times; we will fix it but nothing happens." I am requesting to be moved to Unit 1A or 1B and placed in a handicap cell with rails around the toilet, until I am transferred or placed back on the compound."

Also on 2-17-10 at approximately 3:33P.M. Lieutenant K. Lopez; came over from the U.S.P. to the F.C.C1 and, had me pulled out of the cell and deliberately, knowly, and intentionally told me a dam lie; Quote; I was sent over here by Warden Quintana to tell you if YOU SIGN OFF ON THIS COMPLAINT YOU WILL GET ALL OF YOUR MEDICAL EQUIPMENT AND BE RELEASED BACK TO THE COMPOUND, so trusting your lieutenant I sign off on the A.D.A. policy complaint, under those conditions], now when I have the U.S.P. Warden; J.W. Jургensen, A.W. Felix, Lt. Foster L. Kendall, to contact L.K. Lopez, about what he said about the warden, saying I would be released back to the compound and given back all of my medical supplies, I find out

(3)

Lt. K. Lopez; told me a dam lie and used the warden; name to achieve his goal. "Lieutenant K. Lopez, has violated the A.D.A. policy under rule paragraph (B) see attached policy under paragraph (B)" and using the warden name without his permission."

Finally; As I have mentioned in my previous letters to you on others staff; I would like to be replaced in a handicap cell in 1A or 1B; where their is handicap rails around the toilets, or install some rails in this non-handicap cell.

Leon Thomas
#06129-027
B-Range / Cell 137
S.H.U.

I-OF5 COPIES



Name: THOMAS, Leon
Register No.: 06129-027
Unit: A3/4

I am writing in response to your letter addressed to the Western
Regional Director, received on December 31, 2009.  Your
correspondence was forwarded to my office for a response, and
received on February 2, 2010.  Specifically, you indicate you
were misled about the Special Management Unit Program.  You have
stated you want to cancel your transfer to a Special Management
Unit(SMU), and have expressed an interest in returning to the
United States Penitentiary.

An investigation into your concern has been completed.  You were
moved to the FCI I Special Housing Unit on August 26, 2009,
pending review for transfer.  You were placed in the Special
Housing Unit, pending the outcome of a referral to an SMU.  You
are currently assigned to the Special Housing Unit and have been
approved for placement at an SMU, pending the availability of bed
space.  This designation by the Designation and Sentence
Computation Center, was based on your disciplinary record, and
serious disruptive behavior while in the general population.
You will remain in the Special Housing Unit until your transfer
to another facility.  Your medical restrictions will be addressed
at the next facility you are designated to.

I trust I have been responsive to your concerns.


S. A. Holencik, Warden                    Date

BP-A148.070

**U.S. DEPARTMENT OF JUSTICE**
**FEDERAL BUREAU OF PRISONS**

## INMATE REQUEST TO STAFF MEMBER

| TO: (Name and Title of Staff Member) | DATE: 4-29-09 |
|---|---|
| Mr. Fernandez /Mr. Martinez/Mr. Allen | |
| FROM: Leon Thomas. | REGISTER NO.: #06129-027 |
| WORK ASSIGNMENT: Medical (Unassigned) | UNIT: 2B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

I Am having an Extremely difficult time; being with out the proper medical supplies, that Are not allowed here at U.S.P. Victorville. Also I am having AND hardtime getting back and forth to pill line AND main line. And just EVERYday routines. The shower on the unit Are to "small", their is "NO" shower holes in the handicap shower, the counselor office is upstairs, mainly I am tire of falling AND hurting myself in the NON-handicap shower. I Am Requesting to be placed IN A medical cell, until the medical transfer (Do not write below this line) comes. = THANK You =

| Signature Staff Member: | Date: |
|---|---|
| | |

Record Copy  • File; Copy - Inmate

Replaces BP-148 of OCT 86

**U.S. DEPARTMENT OF JUSTICE**      **FEDERAL BUREAU OF PRISONS**

| | | |
|---|---|---|
| TO: (Name and Title of Staff Member) *Mr. John Norwood/Warden* | DATE: *2-24-09* | |
| FROM: *Leon Thomas.* | REGISTER NO.: *06129-027* | |
| WORK ASSIGNMENT: *N/A* | UNIT: *2B* | |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary. Your failure to be specific may result in no action being
taken. If necessary, you will be interviewed in order to successfully respond to your
request.

*I am writting you this Request asking*
*for your (S.O.S) Help and Assistance in this*
*urgent matter.   "SEE Attachment Sheet"*

*= Thank You =*

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER      **SECTION 6**

## "MEDICAL ISSUES"

Mr. Norwood; I am a handicap prisoner confined at U.S.P. Victorville, I have been here for (8) eight months. And struggling hard day to day; just to survive in this non handicap facility in my condition. "The problem I am having here is this I am over 300lbs confined to a wheelchair with only (1) one leg, my right leg has been amputated and I have a bad back problem and possible cancer to rectum, and because of this I am forced to wear diaper when I get the runs. Also my digestive track has been damaged so badly that it actually hurt when I swallow my food.

## "SHOWER ISSUE'S"

I am confined to unit 8B., which is not and handicap unit; the shower is to small for me and my wheelchair; I have actually fallen in this shower twice and officer Forsath, has assisted me alone with a couple of inmates to get me back in my wheelchair, people that can verify this A.W. Stockton, Unit manger Merlnet.

= cont's =

I have been trying to get a shower holes, to use in the shower so that I want have to stand up in the shower long and my leg go out on me and fall again.; I was told by Mr. Stockton this would happen, but as of yet nothing and I have hurt myself again in this small shower.

## "TRAPEZE ISSUE"

As stated previously in this letter I am over 300lbs an my right leg has been amputated; I have an back problem, and stomach problem; without the use of my medical trapeze; I can not even turn over in the bed when I need to.

## → "Flash Problem" ←

I have real bad bed sore on my body because I can not turn over on my side, back, stomach when I need to, also as stated previously the shower is to small; when I take a shower my back is touching the shower wall, which have

con'ts

given me a rash I can not get rid of, the medication AND cream is not working, when trying to see the medical doctor, about my problems I am denied, if I can maybe talk to the medical doctor, he could give me medication AND some cream that possibly would work AND my rash would go away.

## "Resolution Desired"

I would like for the WARDEN AND myself AND the Doctor; to get together AND talk about my medical issues.

= Thank you =

Leon Thomas   #06129-02
2B-unit

Section 36.206 Retaliation or Coercion

Section 36.206 implements section 503 of **the ADA**, which prohibits retaliation against any individual who exercises his or her rights under **the** Act. This section is unchanged from **the** proposed rule. Paragraph (a) of § 36.206 provides that no private entity or public entity shall discriminate against any individual because that individual has exercised his or her right to oppose any act or practice made unlawful by this part, or because that individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under **the** Act or this part.

Paragraph (b) provides that no private entity or public entity shall coerce, intimidate, threaten, or interfere with any individual in **the** exercise of his or her rights under this part or because that individual aided or encouraged any other individual in **the** exercise or enjoyment of any right granted or protected by **the** Act or this part.

CFR                                        1

© 2010 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**§ 39.151 Program accessibility: New construction and alterations.**

Each building or part of a building that is constructed or altered by, on behalf of, or for the use of the agency shall be designed, constructed, or altered so as to be readily accessible to and usable by handicapped persons. The definitions, requirements, and standards of the Architectural Barriers Act (42 U.S.C. 4151-4157), as established in 41 CFR 101-19.600 to 101-19.607, apply to buildings covered by this section.

Order No. 1065-84, 49 FR 35734, Sept. 11, 1984.

© 2010 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.





**TERRY NAFISI**

**District Court Executive**
**and Clerk of Court**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**
312 North Spring Street, Room G-8  Los
Angeles, CA  90012
Tel: (213) 894-7984

**SOUTHERN DIVISION**
411 West Fourth Street, Suite 1053
Santa Ana, CA 92701-4516
(714) 338-4570

**EASTERN DIVISION**
3470 Twelfth Street, Room 134
Riverside, CA 92501
(951) 328-4450

Tuesday, April 20, 2010

**LEON R. THOMAS**
**#06129-027**
**P.O. BOX 5300**
**ADELANTO, CA 92301**

Dear Sir/Madam:

A Complaint for Civil Rights was filed today on your behalf and assigned civil case number
CV10- 2671 DDP (FMO)

A ☐ Motion for Extension of Time to File Habeas Corpus Petition was filed today on your behalf and
assigned civil case number _____

Please refer to this case number in all future communications.

Please Address all correspondence to the attention of the Courtroom Deputy for:
☐ District Court Judge _____
☒ Magistrate Judge     **Fernando M. Olguin**
at the following address:

☒ U.S. District Court          ☐ Ronald Reagan Federal          ☐ U.S. District Court
  312 N. Spring Street              Building and U.S. Courthouse        3470 Twelfth Street
  Civil Section, Room G-8           411 West Fourth St., Suite 1053     Room 134
  Los Angeles, CA  90012            Santa Ana, CA  92701-4516           Riverside, CA 92501

The Court must be notified within fifteen (15) days of any address change.  If mail directed to your
address of record is returned undelivered by the Post Office, and if the Court and opposing counsel
are not notified in writing within fifteen (15) days thereafter of your current address, the Court may
dismiss the case with or without prejudice for want of prosecution.

Sincerely,

Clerk, U.S. District Court


By: ___AGRAGERA_____
       Deputy Clerk

CV-19 (04/01)                    **LETTER re FILING CIVIL RIGHTS COMPLAINT**