LEON R. Thomas.
FULL NAME

COMMITTED NAME (if different)
P.O. Box 5300 Federal Correctional Complex
FULL ADDRESS INCLUDING NAME OF INSTITUTION
Adelanto, CA 92301 = Victorville

PRISON NUMBER (if applicable)
#06129-027

FILED
CLERK, U.S. DISTRICT COURT

JUL 16 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

LEON R. Thomas.

PLAINTIFF,

Francisco J. Quintana, A.W. Jurgensen,
Jeffery Allen, J. Zumkher, K. López.
DEFENDANT(S).

CASE NUMBER
CV 10-2671 DDP (FMO)
*To be supplied by the Clerk*
FIRST AMENDED COMPLAINT

**CIVIL RIGHTS COMPLAINT
PURSUANT TO** *(Check one)*
☐ 42 U.S.C. § 1983
☑ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A.  PREVIOUS LAWSUITS

1.  Have you brought any other lawsuits in a federal court while a prisoner: ☑ Yes   ☐ No

2.  If your answer to "1." is yes, how many? _____ 2 _____

   Describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

1.) Newspaper Company - Hammond Times, Issue - Incorrect Article in their news paper, 2000 Hammond, Indiana.

2.) Metropolitan Correctional Center, Issue - Built me AND handicap shower seat in the year 2000, the shower seat collapsed to the floor, causing portions of the wall to fall on top of me while on the floor, unprofessional inmates did the installing, lawsuit didn't survive Summary judgement, because I had Tort Claim in at same time, lawsuit dismissed, but A settlement was reached with federal officials.

a. Parties to this previous lawsuit:
Plaintiff _Leon R. Thomas_

Defendants _Metropolitan Correctional Center_

b. Court _United States District Court_

c. Docket or case number _Unknown_

d. Name of judge to whom case was assigned _Unknown_

e. Disposition (For example: Was the case dismissed? If so, what was the basis for dismissal? Was it appealed? Is it still pending?) _Dismissed_

f. Issues raised: _Back Injuries , Head Injuries_

g. Approximate date of filing lawsuit: _2000_

h. Approximate date of disposition _Around April 2000_

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint occurred? ☑ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint? ☑ Yes   ☐ No

   If your answer is no, explain why not _____

   _____

3. Is the grievance procedure completed? ☑ Yes   ☐ No

   If your answer is no, explain why not _____

4. Please attach copies of papers related to the grievance procedure. _okay_

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Leon R. Thomas._
(print plaintiff's name)

who presently resides at _Federal Correctional Complex P.O. Box 5300 Adelanto, Ca 92301._
(mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_Victorville "USP"_
(institution/city where violation occurred)

---

**CIVIL RIGHTS COMPLAINT**

on (date or dates) _____ , _____ , _____
                      (Claim I)          (Claim II)         (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant *FRANCISCO J. QUINTANA* resides or works at
   (full name of first defendant)
   *UNITED STATES Penitentiary P.O. Box 5400 Adelanto, CA 92301*
   (full address of first defendant)
   *WARDEN*
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:
   *Defendant denied me seriously need medical equippment.*
   *"SEE MEMORANDUM OF LAW"*

2. Defendant *A.W. Juergensen* resides or works at
   (full name of first defendant)
   *Federal Correctional Complex 1 P.O. Box 5400 Adelanto, CA 92301*
   (full address of first defendant)
   *Associate WARDEN*
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:
   *Defendant denied me seriously needed medical equippment.*
   *"SEE MEMORANDUM OF LAW"*

3. Defendant *Jeffery Allen* resides or works at
   (full name of first defendant)
   *Federal Bureau of Prison 320 First Street N.W. Washington D.C. 20530*
   (full address of first defendant)
   *Medical Designator*
   (defendant's position and title, if any)

   The defendant is sued in his/her (Check one or both): ☑ individual   ☐ official capacity.

   Explain how this defendant was acting under color of law:
   *Defendant denied me seriously NEEDED medical equippment.*
   *"SEE MEMORANDUM OF LAW"*

---

**CIVIL RIGHTS COMPLAINT**

4. Defendant _Jo Zumthee_ resides or works at
(full name of first defendant)

_Fedeal Coereetional Complex P.O. Box 5300 Adelanto, CA 92301_
(full address of first defendant)

_OFFicer_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:
_oFFicer Zumthee; physically Assumted me by throwing me out of my wheelchair to the floor while handcuffed on 8-13-09._

5. Defendant _No Lopez_ resides or works at
(full name of first defendant)

_Fedeal Coereetional Complex P.O. Box 5300 Adelanto, CA 92301_
(full address of first defendant)

_Lieutenant_
(defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual    ☐ official capacity.

Explain how this defendant was acting under color of law:
_Knowly AND Intentionally USED the WARDEN NAME (LIED) to Get ME TO SIGN OFF ON AN ADA Complaint._

**D. CLAIMS***

**CLAIM I**

The following civil right has been violated:

Defendant J. Zumther, is being charged with physical Abuse.

All other defendants are being charged with physical torture and medical neglect.

Supporting Facts: Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

Defendant, Francisco J. Quintana, A.W. Jurgensen, Jeffery Allen, Officer J. Zumther, LT. R. Lopez. are all listed in Separate Memorandums.

= Continue's =

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.*

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

That I have my day in court with all defendants AND that I be sent to a medical center, AND be awarded the sum of $2,000 from each defendant AND A trial by Jury AND Also be awarded Attorney Fee's AND All cost of this action be taxed Against the defendants.

Also the plaintiff is requesting special intervention from the court to be properly placed at a medical center, AND given All of his medical supplies.

7-9-10
_(Date)_

Leon R. Thomas
_(Signature of Plaintiff)_

CENTRAL DISTRICT OF CALIFORNIA:

LEON R. Thomas,
Plaintiff

V.

Francisco J. Quintana
Defendants

(1)

Cause No. CV-10-2761-DDP(FM

"MEMORANDUM OF LAW"

Plaintiff. is now sueing all defendants in their individual capacity, for deliberately violating the plaintiff constitutional rights.

1.) Francisco J. Quintana., The plaintiff wrote Warden Quintana numberous letters] and file numberous complaints against his correctional staff, after plaintiff medical supplies came up missing after the plaintiff was transferred from the special housing unit, to another special housing unit. At the FCCL The plaintiff was placed in a non-handicap cell at the FCCL the cell which correctional staff calls and handicap cell, had "no handicap rails around the toilet and the bottom shower button was broken., the plaintiff stay in the cell in that condition for (10) ten months before prison official decided to fix the cell and install handicap rails

around the toilet and fix the bottom handicap shower. Also the plaintiff was denied his medical equippment for (10) ten months, wheelchair cushion, back brace, and trapeze

## Injuries

1.) The plaintiff suffered more injuries to his back, buttock and leg for being forced to sit in a wheelchair without the wheelchair cushion; this caused severe pain to the back, legs and buttocks, and made bed sores on the plaintiff leg and buttocks.

2.) The plaintiff was without his medical back brace for (10) ten months, this caused the plaintiff to have severe pain and the plaintiff was out right denied his medical trapeze to pull his self up from the bed, and turn over from side to side; the plaintiff had to make and trapeze out of old socks and torn sheets, to pull himself up out of the bed, and sometimes the socks and sheet, gave way and ripped causing the plaintiff to re-injury his back.

"Charges.. Warden Quintana., is being charge with failure to Act, when he was aware his correctional staff

"Cont"

was deliberately neglecting the plaintiff of his medical supplies and the deliberate infliction of pain the prison correctional staff took the plaintiff through.

A.W. Jurgensen, Mr. Jurgensen, was the acting warden at the Fcc, the plaintiff wrote numberous letters and complaints to and against Mr. Jurgensen., Mr. Jurgensen, would not allow any handicap rails in the plaintiff, handicap cell, the plaintiff had to personally talk to Mr. Robert McFadden of the Western Regional Office and Mr. Harley G. Lappin, of the Central Office when they both visited the institution; About not having any handicap rails around the toilet, thats when they sent the Health Service Administ. Mr. L. Sterling to inspect my cell, and then I was finally installed handicap rails around the toilet in my cell, this took (10)ten months. Also Mr. Sterling ordered me an wheelchair cushion, and when it came in Mr. Jurgensen would not let me have it in my cell. Also Mr. Jurgen. denied me my medical back brace when Mr. L. Sterling ordered it. Mr. Jurgensen, Also would not let me have my medical trapeze in my cell, the plaintiff had to make a trapeze out of socks and sheets and when it gave way and ripped, the plaintiff back was

RE-INJURIED.

A.W. Jurgensen., is being charged with causing the plaintiff unnecessary pain and suffering and interfering with the plaintiff medical issue's.

Jeffery Allen., Is the Central office Medical Designator.; Mr. Allen, has on numberous Occasions denied the plaintiff a medical transfer, without explanation. Medical professional staff Evaluate the plaintiff, and determines that it is in the institution best interest to send the plaintiff to a medical center or care level 3 facility, which is handicap equipped. Mr. Allen., goe's against ALL medical personal, the medical doctor, and the security of the prison staff. Mr. Allen., knows USP Victorville, is not handicap equipped and do not care if it is a struggle and hard for me to get around from day to day.

Injuries., The plaintiff has fell in the non-handicap shower in the 2B unit of Victorville prison, and huet his back this has happen twice. The showers at Victorville is not handicap equipped, their are "NO rails in the showe coming into the shower or out the shower. Medical records will confirm for the United States District Court

that plaintiff did fall and injuried himself on (2) different occasions], the plaintiff was taken to the medical section and was given injections in his back to relieve the pain.

Facts: The plaintiff is not housed at and handicap equipped facility.

■ An handicap equipped facility has the following..;

I.) Handicap rails around the shower, toilet "anywhere in the institution.", and their is shower holes in the showers.

II.) Also the facility has handicap tables in the cell, and mirrors low enough for a wheelchair person to use.

III.) Also and handicap equipped facility has handicap restroom, in the recreation area, dining hall, and law library.

IV.) Also and handicap facility will never deny an handicap person any of his medical equipment, such as a medical trapeze, when this device is for a person such as myself, to turn over from side to side and to pull yourself up out of the bed.

V.) Supporting Facts., The plaintiff has approved paperwork for all his needed medical equipment and the Administration states, you can not have it here at Victorville, so

We the medical staff and doctor are putting you in for a transfer, the transfer is approved by the Regional Medical Designator or Regional Office, then MR. Jeffery Allen denies it when it gets to the Central Office, without explanation.

Finally, Deliberate Indifference, comes in when MR. Allen denies me a transfer, when he knows that the institution is not going to give me all of my medical equipment here at Victorville, for security reasons], so MR. Allen should know that the plaintiff will suffer without certain medical equipment especially his medical trapeze. "MR. Allen is totally responsible for all injuries to the plaintiff, because the institution sent several transfers to MR. Allen, and he turn all transfers down, going against all professional judgement from medical personal and medical doctors.

Therefore, MR. Jeffery Allen, failure to act on the plaintiff, medical needs is in violation of constitutional right to adequate medical care. SEE Hutchinson V. United States, 838 F.2d 390, 394 (9th Cir. 1988, Also Estelle V. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285, 291 (1976) Also SEE Clement V. Gomez, 298 F.3d 898, 904 (9th Cir. 2002). Also MR. Allen had my prosthetic leg taken from me in 2007 and it is 2010 and I still do not have it.

Officer J. Zumkher, subjected the plaintiff to physical Abuse, by illegally throwing the plaintiff out of his wheelchair to the floor, while handcuffed, because the plaintiff ask to speak to the lieutenant on duty. On 8-13-09 the plaintiff was being taken to the Special housing Unit, officer Zumkher, came and tried to handcuff the plaintiff, I stated to officer Zumkher, you Anit doing nothing to me, so I ask Another officer to handcuff me, After I was handcuffed officer Sheppard got behind my wheelchair And was pushing me to the (SHU), I then Ask to speak with a lieutenant; the next thing I Anew officer J. Zumkher, had made his way behind my wheelchair And lifted me up And threw me on the floor, injuring my back, leg, Arm, I then became Angry started cussing At officer Zumkher he then leaned over me, while I am on the floor And tried to hit me, with his fist, balled up, officer Sheppard And Lieutenant Bent, had to stop him, officer J. Zumkher; on (2) two different occasions, tried to hit me, while I was laying on the floor handcuffed; this officer had to be Physically restrained by other officers. I am asking for the United States District Court, to review the camera inside the Lieutenant's office, while I am laying on the

Floor Handcuffed).

Lieutenant K. Lopez., Is being charged with violating my due process right and useing the WARDENS name in a direct lie to Achive his goal. On 2-17-10 LT. Lope came over to the FCC1 where I was being housed and had me handcuffed and brought to LT. Pfister office and stated to me, I am here because of the complaint you filed against WARDEN Quintana, and I was sent to tell you if you sign off on the complaint, you will get all your medical supplies and be released back to the general population, in believing LT. K. Lopez, I sign off on the complaint; and found out LT. K. Lopez had lied and use the WARDEN name to Achieve his goal, I never recieve any of my medical supplies nor was I release back to the general population. LT. K. Lopez, in his individual capacity, should be charged with a crime, under the 14th Amendment for violating the plaintiff due process rights, and equal protection rights., clearly established law, clearly prohibits such conduct; Also see FARMER V. BRENNAN, at 511 U.S. at 837, 114 S. Ct. at 1979.

## CERTIFICATE OF SERVICE

I do hereby certify that I have serve (4) four copies of my first Amend Complaint, properly Addressed, with proper postage Affixed thereon in the United States mail on the following ..,

Clerk of Court.
United States District Court
Central District of California
312 North Spring Street
Room - G-8
Los Angeles, California
90012

Respectfully Submitted
#06129-a
Leon Thomas
Federal Correctional Comp
P.O. Box 5300
Adelanto, Ca
92301

This ___9th___ day of ___July___ 2010.

U.S. Department of Justice

Central Office Administrative Remedy Appeal

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Thomas Leon R.       #06129-027    FCC/ SHU.  Victorville
      LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A—REASON FOR APPEAL** It has been (7)Seven months since Lt. R. Lopez and the P.A Elavoz, took my medical supplies, my back brace, wheelchair cushion, and my wheelchair gloves, and my medical trapeze. these prison officials are denying me my handic equipment and making me suffer, just to be mean, I have bed sores on my body because I am unable to turn over from side to side, my bac is constantly hurting because I am been denied my medical back bra I am been forced to sleep in my wheelchair; because my back is constan hurting. Also I have mailed the Regional Dictor Mr. Jim Pelton, and Mr. Robert McFad a copy of my medical papers indicating that I am a care level 3 pris but confined in a care level 1&2 prisons, its seems both officials wou not respond to my care level 3 issues. I am requesting to have my medical supplies an to be transfered to a care level 3 prison. Leon Thomas

2-10-10
DATE                                    SIGNATURE OF REQUESTER

"CONT Attachment sheet"

**Part B—RESPONSE**

_____        _____
DATE

ORIGINAL: RETURN TO INMATE

**Part C—RECEIPT**

                                        GENERAL COUNSEL
                                        CASE NUMBER: 566304-A1

                                        CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____                    _____
DATE                               SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

                                                        BP-231(13)
                                                        APRIL 1982

BY 4th Amendment Sheet "

On 2-10-10, the health Service Administrator MR. L. Sterling came to my cell on the special housing unit, And stated to me that my wheelchair cushion has ~~coming~~ come in that he ordered for me, but the A.W. Jurgensen stated that I could not have it, on the S.H.U.. "It should be noted that I had the same exact medical wheel-chair cushion everywhere I have been all other institution including Victorville" S.H.U.. Also when I was told to pack up my belonging at the first Victorville S.H.U., I had the exact medical wheelchair cushion in my cell; so their is NO reason why I can not have the same exact cushion Again.

Finally, I am requesting to be Allowed to have All of my medical supplies And for the prison officials to stop denying me my medical equipment And also ~~transfer~~ me to A medical institution or care level 3 prison.

= Thank You =

Leon Thomas #06129-02
F.C.C. L Medium
P.O. Box 5300
Adelanto, Ca 92301

**Administrative Remedy No. 566304-A1**
**Part B- Response**

This is in response to your Central Office Administrative Remedy Appeal in which you contend you are a disabled amputee and confined in a wheelchair.  You further contend you are not incarcerated in a facility that can accommodate the disabled.  As relief, you request re-designation to a higher level patient care status and transferred to a Care Level III facility.

Relevant portions of your medical record have been reviewed which reveal you are receiving appropriate medical treatment.  On May 5, 2009, Medical Designations denied your request for a transfer.  You are appropriately assigned at your current institution and accommodations have been made for your existing conditions.  Your medical condition does not require an increase in your Care Level status.  You are encouraged to cooperate with staff to enhance their ability to provide essential medical care.

The record reflects you are receiving medical care and treatment in accordance with Bureau policy.  You are encouraged to attend sick call if your condition changes.

Your appeal is denied.


April 28, 2010
_____
Date


Harrell Watts, Administrator
National Inmate Appeals

L-/V1 D11 /1

# Bureau of Prisons
# Health Services
# Medical Duty Status

"Approved Paperwork"

| Reg #:  06129-027 | Inmate Name:   THOMAS, LEON |
|---|---|

## Housing Status

___ confined to the living quarters except   ___meals   ___pill line   ___treatments   Exp. Date: _____

___ on complete bed rest:   ___bathroom privileges only   Exp. Date: _____

X  cell:   X cell on first floor   X single cell   X lower bunk   ___airborne infection isolation   Exp. Date:   12/31/2010

X  other:  Please allow extra toilet paper and wooden cruthes.   Exp. Date:   06/30/2010

## Physical Limitation/Restriction

X.  all sports   Exp. Date:   12/31/2010

___ weightlifting:   ___upper body   ___lower body   Exp. Date: _____

___ cardiovascular exercise:   ___running   ___jogging   ___walking   ___softball   Exp. Date: _____
         ___football   ___basketball   ___handball   ___stationary equipment

___ other: _____   Exp. Date: _____

## May have the following equipment in his / her possession:

| Equipment | Start Date | End Date |
|---|---|---|
| Crutches | 08/07/2009 | |
| Cushion: foam/gel | 02/20/2009 | 12/31/2010 |
| Medical Shoes | 02/10/2009 | 12/31/2010 |
| Brace - back | 10/30/2008 | 07/28/2010 |
| Wheelchair | 09/17/2008 | 12/31/2010 |
| Medical Shoes | 09/17/2008 | 12/31/2010 |
| Brace - back | 09/17/2008 | 12/31/2010 |
| Trapeze | 09/17/2008 | 04/20/2010 |
| Crutches | 09/12/2008 | 12/31/2010 |
| Cushion: foam/gel | 09/12/2008 | 12/31/2010 |
| Trapeze | 09/12/2008 | 04/20/2010 |
| Wheelchair | 09/12/2008 | 04/20/2010 |

## Work Restriction / Limitation:

Cleared for Food Service:   No

X  No Restrictions

## Restraint Restrictions:

___ cuff only front   ___no leg irons   ___no face down position in four-point restraints

___ no CN gas   ___no pepper spray

___ no cuff:   ___right arm   ___left arm   ___right leg   ___left leg

___ other: _____   Exp. Date: _____

Comments:  N/A

| _____ Arce, Bernaliza MLP | 01/06/2010 |
|---|---|
| Health Services Staff | Date |

| Inmate Name: _____ THOMAS, LEON | Reg #: ___ 06129-027 | Quarters: ___ Z02 |

*Exhibit H*

# Bureau of Prisons
# Health Services
# Medical Duty Status

Reg #:  06129-027                    Inmate Name:   THOMAS, LEON

## Housing Status

___ confined to the living quarters except ___meals ___pill line ___treatments     Exp. Date: _____

___ on complete bed rest: ___bathroom privileges only     Exp. Date: _____

_X_ cell:  _X_ cell on first floor  _X_ single cell  _X_ lower bunk  ___airborne infection isolation  Exp. Date: _12/31/2009_

___ other: _____     Exp. Date: _____

## Physical Limitation/Restriction

_X_ all sports     Exp. Date: _12/31/2009_

___ weightlifting: ___upper body ___lower body     Exp. Date: _____

___ cardiovascular exercise: ___running ___jogging ___walking ___softball     Exp. Date: _____
___football ___basketball ___handball ___stationary equipment

___ other: _____     Exp. Date: _____

## May have the following equipment in his / her possession:

| Equipment | Start Date | End Date |
|---|---|---|
| Cushion: foam/gel | 02/20/2009 | 12/31/2009 |
| Medical Shoes | 02/10/2009 | 12/31/2009 |
| Brace - back | 10/30/2008 | 07/28/2009 |
| Wheelchair | 09/17/2008 | 12/31/2009 |
| Medical Shoes | 09/17/2008 | 12/31/2009 |
| Brace - back | 09/17/2008 | 12/31/2009 |
| Trapeze | 09/17/2008 | 04/20/2009 |
| Crutches | 09/12/2008 | 12/31/2009 |
| Cushion: foam/gel | 09/12/2008 | 12/31/2009 |
| Trapeze | 09/12/2008 | 04/20/2009 |
| Wheelchair | 09/12/2008 | 04/20/2009 |

## Work Restriction / Limitation:

Cleared for Food Service:  _No_____

Restriction                                                     Expiration Date
No Duty                                                        12/31/2009

## Restraint Restrictions:

___cuff only front     ___no leg irons     ___no face down position in four-point restraints

___no CN gas     ___no pepper spray

___no cuff: ___right arm ___left arm     ___right leg ___left leg

___ other: _____     Exp. Date: _____

Comments:  N/A

_____Elevazo, Jimmy MLP_____          04/20/2009
Health Services Staff                                            Date

Inmate Name: ____THOMAS, LEON____   Reg #: __06129-027__   Quarters: _Z01_

**Bureau of Prisons**
**Health Services**
**Medical Duty Status**

Reg #:  06129-027                    Inmate Name:   THOMAS, LEON

## Housing Status

__ confined to the living unit except for:   __ meals      __ pill line    __ treatments     Exp. Date: _____

__ on complete bed rest:      __ bathroom privileges only                          Exp. Date: _____

X cell:   __ cell on first floor   X single cell   __ lower bunk   __ airborne infection isolation  Exp. Date:  12/25/2008

X other:  allowed to have basin for foot soaking.                          Exp. Date:  12/25/2008

## Physical Limitation/Restriction

__ all sports                                                          Exp. Date: _____

__ weightlifting:    __ upper body    __ lower body                      Exp. Date: _____

__ cardiovascular exercise:  __ running  __ jogging  __ walking  __ softball   Exp. Date: _____
                    __ football  __ basketball  __ handball  __ stationary equipment

__ other: _____   Exp. Date: _____

## May have the following equipment in his / her possession:

| Equipment | Start Date | End Date |
|---|---|---|
| Wheelchair | 09/17/2008 | |
| Medical Shoes | 09/17/2008 | |
| Brace - back | 09/17/2008 | |
| Trapeze | 09/17/2008 | |
| Crutches | 09/12/2008 | |
| Cushion: foam/gel | 09/12/2008 | |
| Trapeze | 09/12/2008 | |
| Wheelchair | 09/12/2008 | |

## Work Restriction / Limitation:

Cleared for Food Service:  No _____

X No Restrictions

## Restraint Restrictions:

__ cuff only front      __ no leg irons      __ no face down position in four-point restraints

__ no CN gas          __ no pepper spray

__ no cuff:   __ right arm    __ left arm    __ right leg    __ left leg

__ other: _____   Exp. Date: _____

**Comments:**  N/A

Fernandez, Jesus MD _____          09/17/2008
Health Services Staff                                            Date

Inmate Name: _____ **THOMAS, LEON** _____   Reg #: ___ **06129-027** ___  Quarters: __ **A23** __

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF DOCUMENT DISCREPANCIES

To: ☐ U.S. District Judge / ☑ U.S. Magistrate Judge _FMO_                          MR—

From: __M. Ramirez_____, Deputy Clerk        Date Received: _6/24/2010_

Case No.: _CV 10-2671 DDP (FMO)_        Case Title: _Leon Thomas v. Francisco Quintana_

Document Entitled: _Motion to Submit Final Administrative Nenedy's_

---

Upon the submission of the attached document(s), it was noted that the following discrepancies exist:

☐ Local Rule 11-3.1   Document not legible         →  "Complied With Court Order
☐ Local Rule 11-3.8   Lacking name, address, phone and facsimile numbers      of June 28, 2010.
☐ Local Rule 11-4.1   No copy provided for judge
☐ Local Rule 19-1     Complaint/Petition includes more than ten (10) Does or fictitiously named parties
☐ Local Rule 15-1     Proposed amended pleading not under separate cover        First Amended Complaint
☐ Local Rule 11-6     Memorandum/brief exceeds 25 pages                          was mail off on 7-14-10
☐ Local Rule 11-8     Memorandum/brief exceeding 10 pages shall contain table of contents     Then the plaintiff rec'e
☐ Local Rule 7.1-1    No Certification of Interested Parties and/or no copies     these documents in the mail
☐ Local Rule 6.1      Written notice of motion lacking or timeliness of notice incorrect   7-16-10.  PLEASE EXcl
☐ Local Rule 56-1     Statement of uncontroverted facts and/or proposed judgment lacking   these Docum
☐ Local Rule 56-2     Statement of genuine issues of material fact lacking        Thank you.
☐ Local Rule 7-19.1   Notice to other parties of ex parte application lacking
☐ Local Rule 16-6     Pretrial conference order not signed by all counsel
☐ FRCvP Rule 5(d)     No proof of service attached to document(s)
☑ Other: _See Court's Order of June 28, 2010. Attach these documents to First Amended Complaint._

**Note:  Please refer to the court's Internet website at www.cacd.uscourts.gov for local rules and applicable forms.**

---

### ORDER OF THE JUDGE/MAGISTRATE JUDGE

IT IS HEREBY ORDERED:

☐  .The document is to be filed and processed.  The filing date is ORDERED to be the date the document was stamped
"received but not filed" with the Clerk.  Counsel* is advised that any further failure to comply with the Local Rules may
lead to penalties pursuant to Local Rule 83-7.

_____        _____
Date                             U.S. District Judge / U.S. Magistrate Judge

☑  The document is **NOT** to be filed, but instead **REJECTED**, and is ORDERED returned to *counsel.  *Counsel shall
immediately notify, in writing, all parties previously served with the attached documents that said documents have **not**
been filed with the Court.

_6/30/10_____        _____F___b__M__OC_____
Date                             U.S. District Judge / U.S. Magistrate Judge

*The term "counsel" as used herein also includes any pro se party.  See Local Rule 1-3.

---

# IN THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA.

LEON R. Thomas.
Plaintiff

V.

FRANCISCO J. Quintana.
Defendant

(1)

Cause No. CV-10-2671(FM(

"First AmendED Complaint

## "Motion To Submitt Final Administrative Remedy's

Come's now the plaintiff LEON R. Thomas, PRO-SE and would like to submit his Final Administrative Remedies, to the court in the Above styled case:

1.) The plaintiff is now submiting his BP-11, from the Central Office, the highest the plaintiff can go with his Administrative Remedies.

2.) Also the plaintiff would like the court to know that the defendants in the above case, only "RE-copies" All Reply's to any of the plaintiff Administrative Appeals, A [careful Review]" of the numberous letters or

Administrative Appeals, to The WARDEN, Regional Director, the Central Office, All Reply's are Re-copies of the first Administrative Response.

3.) The BOP officials will not Address the Real issue in Any of their Responses.., like

A.) The plaintiff is "No longer in the general population, but confined in disciplinary segregation, AND is being denied [All] medical handicap Equipment, until he is TRANSFERRED.

B.) The problem is the Recieving institution will not except the plaintiff, because he is handicap, confined to A wheelchair, AND his Right leg has been Amputated, AND the plaintiff is in NEED of his medical TRAPEZE AND medical back brace etc..

C.) None of the BOP officials wants to tell the Court that the prison officials Are Keeping the plaintiff on lock up until he is TRANSFERRED AND "without Any medical supplies; AND is violating All the plaintiff constitutional Rights.

## Certificate of Service

I do certify that I have served (2) two copies of my Final Administrative Remedies, properly addressed, with proper postage affixed thereon, in the United States Mail on the following..

Clerk of Court:
United States District Court
Central District of California
312 North Spring Street
Room-G8
Los Angeles, California
90012

Respectfully Submitted
Leon H. Thomas #06129-0
Federal Corc Complex I
P.O. Box 5310
Adelanto, Ca
92301

This 21st day of June 2010.

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Thomas Leon R                    #06129-027   FCCI SHU. Victorville
     LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL** It has been (7) Seven months since Lt. K. Lopez and the P.A Elavoz, took my medical supplies; my Back Brace, wheelchair cushion, and my wheelchair gloves, and my medical Trapeze. These prison officials are denying me my handicap equipment and making me suffer; just to be mean, I have bed sores on my body because I am unable to turn over from side to side, my back is constantly hurting because I am been denied my medical back brace I am been forced to sleep in my wheelchair; because my back is constantly hurting. Also I have mailed the Regional Dictor Mr. Jim Pelton, and Mr. Robert McTrode a copy of my medical papers indicating that I am a Care level 3 prisoner but confined in a Care level 1&2 prisons, its seems both officials would Not respond to my Care level 3 issues. I am requesting to have my medical supplies an to be transfered to a Care level 3 prison. Leon Thomas.

2-10-10            "(CONF.)Attachment sheet"                    Leon Thomas
     DATE                                              SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____
     DATE                                    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE            CASE NUMBER: 566304-A1

**Part C—RECEIPT**

                                    CASE NUMBER: _____

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____
     DATE                          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

On 2-10-10, the health Service Administrator MR. L. Sterling came to my cell on the special housing unit, And stated to me that my wheelchair cushion has ~~coming~~ come in that he ordered for me, but the A.W. Jurgensen stated that I could not have it, on the S.H.U. . . "It should be noted that I had the same exact medical wheelchair cushion Everywhere I have been All other institution including Victorville" S.H.U. . Also when I was toll to pack up my belonging At the first Victorville S.H.U., I had the exact medical wheelchair cushion in my cell; so their is NO Reason why I can not have the same exact cushion Again.

Finally, I am Requesting to be Allowed to have All of my medical supplies And for the prison officals to stop denying me my medical equipment And Also ~~transfer~~ me to A medical institution or CARE level 3 prison.

=Thank You=

Leon Thomas #06129-02
F.C.C. I medium
P.O. Box 5300
Adelanto, Ca 92301

**Administrative Remedy No. 566304-A1**
**Part B- Response**

This is in response to your Central Office Administrative Remedy
Appeal in which you contend you are a disabled amputee and
confined in a wheelchair.  You further contend you are not
incarcerated in a facility that can accommodate the disabled.  As
relief, you request re-designation to a higher level patient care
status and transferred to a Care Level III facility.

Relevant portions of your medical record have been reviewed which
reveal you are receiving appropriate medical treatment.  On
May 5, 2009, Medical Designations denied your request for a
transfer.  You are appropriately assigned at your current
institution and accommodations have been made for your existing
conditions.  Your medical condition does not require an increase
in your Care Level status.  You are encouraged to cooperate with
staff to enhance their ability to provide essential medical care.

The record reflects you are receiving medical care and treatment
in accordance with Bureau policy.  You are encouraged to attend
sick call if your condition changes.

Your appeal is denied.


April 28, 2010
_____
Date


_____
Harrell Watts, Administrator
National Inmate Appeals

DIANNE FEINSTEIN
CALIFORNIA

Case 3:09-cv-02671-JGB-MRW   Document 14   Filed 07/16/10   Page 29 of 32   Page ID #:143

SELECT COMMITTEE ON
INTELLIGENCE—CHAIRMAN
COMMITTEE ON APPROPRIATIONS
COMMITTEE ON THE JUDICIARY
COMMITTEE ON RULES AND
ADMINISTRATION

# United States Senate

WASHINGTON, DC 20510–0504

http://feinstein.senate.gov

July 24, 2009

Mr. Leon Thomas
#06129-027
USP-Victorville
PO Box 5300
Adelanto, California 92301

Dear Mr. Thomas:

Thank you for contacting my office regarding your concerns with your care level. I appreciate your bringing this to my attention and giving me an opportunity to see if my office can be of assistance.

I have asked Mirella Nieto in my San Francisco office to assist you. Ms. Nieto has contacted the Federal Bureau of Prisons on your behalf. You will hear back from my office when a response is received from the agency, which usually takes from six to eight weeks.

Again, thank you for contacting me. My San Francisco staff will do all they can to help you.

Sincerely,

Dianne Feinstein
United States Senator

DF:mn

FRESNO OFFICE:
2500 TULARE STREET
SUITE 4290
FRESNO, CA 93721
(559) 485-7430

LOS ANGELES OFFICE:
11111 SANTA MONICA BOULEVARD
SUITE 915
LOS ANGELES, CA 90025
(310) 914-7300

SAN DIEGO OFFICE:
750 B STREET
SUITE 1030
SAN DIEGO, CA 92101
(619) 231-9712

SAN FRANCISCO OFFICE:
ONE POST STREET
SUITE 2450
SAN FRANCISCO, CA 94104
(415) 393-0707

DIANNE FEINSTEIN
CALIFORNIA

INTELLIGENCE—CHAIRMAN
COMMITTEE ON APPROPRIATIONS
COMMITTEE ON THE JUDICIARY
COMMITTEE ON RULES AND
ADMINISTRATION

# United States Senate

WASHINGTON, DC 20510–0504

http://feinstein.senate.gov

September 15, 2009

Mr. Leon Thomas
#06129-027
USP-Victorville
PO Box 5300
Adelanto, California 92301

Dear Mr. Thomas:

I am forwarding on to you the response I have received from the Federal Bureau of Prisons about your case.

I hope that this response is helpful and that the information outlined in it will clarify the situation for you. If you have further questions, or if there is any way my office can help you in the future, I hope you will contact me again.

Sincerely,

Dianne Feinstein
United States Senator

DF:mn

FRESNO OFFICE:
2500 TULARE STREET
SUITE 4290
FRESNO, CA 93721
(559) 485-7430

LOS ANGELES OFFICE:
11111 SANTA MONICA BOULEVARD
SUITE 915
LOS ANGELES, CA 90025
(310) 914-7300

SAN DIEGO OFFICE:
750 B STREET
SUITE 1030
SAN DIEGO, CA 92101
(619) 231-9712

SAN FRANCISCO OFFICE:
ONE POST STREET
SUITE 2450
SAN FRANCISCO, CA 94104
(415) 393-0707

U.S. Department of Justice

Federal Bureau of Prisons

*Western Regional Office*

~~AUG 2 6 2009~~

*Stockton, California 95219*

August 21, 2009

The Honorable Dianne Feinstein
United States Senator
One Post Street, Suite 2450
San Francisco, California 94104

ATTN: Mirella Nieto

RE:   Thomas, Leon
      Reg. No.  06129-027

Dear Senator Feinstein:

This is in response to your letter dated July 24, 2009, and attached
correspondence from Leon Thomas, an inmate incarcerated at the
Federal Correctional Complex (FCC), Victorville, California.
Mr. Thomas is a right leg amputee and is confined in a wheelchair.
He claims he is designated to a prison facility which is not designed
to accommodate his needs as a disabled person.  He states he
sustained back injuries from a fall in the shower stall, because the
cell he was assigned did not facilitate a shower designed
specifically for the disabled.  Additionally, he states the cell is
not large enough for a wheelchair to maneuver.  He requests
assistance from your office to transfer him to an institution or
medical center to accommodate his medical disabilities.

Mr. Thomas arrived at FCC Victorville on August 14, 2008.  On
April 29, 2009, Mr. Thomas was placed in a holding cell during the
processing of his cell assignment.  The cell which Mr. Thomas was
temporarily placed is designated for the disabled.  It is a large
space with rails and accommodates a wheelchair bound person.  Our
records indicate that when Mr. Thomas was taking a shower, he injured
himself when moving from a sitting to standing position.  Mr. Thomas
was taken to the Health Services Department and a comprehensive
injury assessment was performed.  The examination revealed no
swelling, inflammation, erythema, nor tenderness, with specific
attention addressed to his left side complaints.  There was no
evidence of discoloration to his skin.  He was able to bend forward
without any complaint of pain on his upper extremities.  A Ketorolac
injection was administered to the backside of Mr. Thomas to alleviate
his complaints of the sprain and strain of the lumbar area.  He was
released from the Health Services clinic and was returned to his
housing unit to an appropriately assigned cell designated for the
disabled.

Additionally, Mr. Thomas claims he is unable to rollover from side to
side in bed.  He alleges he is developing bed sores.  On
August 13, 2009, the Physician Assistant (PA) examined Mr. Thomas and
did not find stasis ulcers (bed sores) on him.  Institution staff
have manufactured and installed a handle above his bed so he may turn
himself over when needed.  His bed was also widened to accommodate
his physical size and weight, a man of approximately 312 pounds.

Mr. Thomas is currently incarcerated in a Care Level II facility, which is designated for inmates with chronic medical illnesses and are stable outpatients, requiring at least quarterly clinical evaluations. Inmates in the Care Level II category are independent in daily living. The cell to which he is assigned is of adequate size to accommodate his wheelchair.  There are also appropriate height hand rails in his shower.

Mr. Thomas' request for transfer to a higher level facility was submitted on May 4, 2009, to the Bureau of Prisons, Health Services Division, Medical Designations.  His current medical status was reviewed, and on May 5, 2009, the transfer was denied as Mr. Thomas can be effectively managed at the Care Level II designation.

I trust this information will be helpful to you and your constituent.

Sincerely,


Robert E. McFadden
Regional Director


cc:  Warden, FCC Victorville