1  STEPTOE & JOHNSON LLP
   DYLAN RUGA (SBN 235969)
2  NOELLE L. CHUNG (SBN 272244)
   MICHAEL C. MARTINEZ (SBN 275581)
3  2121 Avenue of the Stars, Suite 2800
4  Los Angeles, California 90067-5052
   Telephone: (310) 734-3200
5  Facsimile:   (310) 734-3300
   Email:    druga@steptoe.com
6  Email:    nchung@steptoe.com
7  Email:    mmartinez@steptoe.com

8  Attorneys for Plaintiff
   LEON THOMAS

9

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| LEON THOMAS, | Case No.: 10-cv-02671 DDP (FMOx) |
|---|---|
| Plaintiff, | [PROPOSED] SECOND AMENDED COMPLAINT |
| vs. | |
| FRANCISCO QUINTANA, et al., | Complaint filed: April 20, 2010 |
| Defendants. | Trial date: None set |
| | **JURY TRIAL DEMANDED** |

1     Plaintiff Leon K. Thomas ("Plaintiff") alleges as follows for his Second Amended Complaint ("Complaint") against Defendants Francisco Quintana ("Quintana"), Bradley Jurgensen ("Jurgensen"), and Jeffrey Allen ("Allen"), and Does 1 through 10, inclusive, in their individual capacities:

## JURISDICTION AND VENUE

1. The Court has personal jurisdiction over individual Defendants Quintana, Jurgensen, and Allen, who have all appeared in this Action.

2. The Court has subject matter jurisdiction over this lawsuit because this action arises under the United States Constitution, Eighth Amendment.

3. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff is an individual who, at the time the events set forth in this Complaint occurred and at the time Plaintiff filed this Action, was a resident of California incarcerated in the United States Victorville Federal Correctional Complex in Adelanto, California ("FCC-Victorville"). Since filing this Action, Plaintiff has been transferred to the United States Penitentiary in Florence, Colorado.

5. Defendant Quintana is an individual who, at the time the events set forth in this Complaint occurred and at the time Plaintiff filed this Action, was the Warden at FCC-Victorville.

6. Defendant Jurgensen is an individual who, at the time the events set forth in this Complaint occurred and at the time Plaintiff filed this Action, was the Associate Warden at FCC-Victorville.

7. Defendant Allen, M.D., is an individual who, at the time the events set forth in this Complaint occurred and at the time Plaintiff filed this Action, was the Medical Designator of the Federal Bureau of Prisons.

8. Plaintiff does not know the true names and capacities of Defendants sued herein as DOES 1 to 10, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend his Complaint to identify the true names and capacities of DOES 1 to 10, inclusive, when ascertained. On information and belief, each fictitiously-named Defendant is liable to Plaintiff and Plaintiff's damages were directly and proximately caused by each of their conduct and/or omission.

9. On information and belief and except as otherwise alleged herein, each of the Defendants is and at all relevant times was the agent, employer, partner, joint venture, alter ego, affiliate and/or co-conspirator of each of the other Defendants and, in doing the things alleged herein, was acting within the course and scope of such positions at the direction of and/or with the permission, knowledge, consent and/or ratification of each of the other Defendants.

## FACTUAL ALLEGATIONS

10. At all times relevant to this Action, Plaintiff was incarcerated at FCC-Victorville, a non-handicap accessible facility where Plaintiff struggled to get around every day.

11. Plaintiff has only one leg, weighs over 300 pounds, and is confined to a wheelchair.

12. Because of his physical disabilities, Plaintiff requires certain necessary medical accommodations, including, but not limited to, a handicap cell containing handicap rails around the toilet, handicap rails in the shower, a back brace, a medical trapeze for turning himself from side to side and for pulling himself in and out of the bed, and a wheelchair cushion.

13. When Plaintiff was transferred from one Special Housing Unit ("SHU") to another SHU, Plaintiff was placed in a non-handicap cell without handicap rails around the toilet and missing his back brace, medical trapeze, and wheelchair cushion.

14. In this SHU, his shower was located in a different unit. In this shower, which was not handicap-equipped and lacked handicap rails, the bottom shower button was broken. In this non-handicap shower, Plaintiff twice fell and hurt his back, and his injuries required medical attention and treatment.

15. For approximately ten months after Plaintiff's transfer to this SHU, prison officials did not install handicap rails around Plaintiff's toilet or in the shower or fix the bottom shower button.

16. Also for approximately ten months after Plaintiff's transfer to this SHU, prison officials denied Plaintiff his necessary handicap medical supplies, namely, his back brace, medical trapeze, and wheelchair cushion.

17. As a result of having to sit in the wheelchair without a wheelchair cushion, Plaintiff suffered severe pain in his back, legs, and buttocks and developed bed sores on his legs and buttocks. As a result of not having a medical back brace, Plaintiff suffered severe back pain. As a result of not having a medical trapeze, Plaintiff had to make his own trapeze out of old socks and torn sheets, which would sometimes give way and rip, causing Plaintiff to re-injure his back.

18. Plaintiff wrote numerous letters to Defendant Quintana, Warden at FCC-Victorville, and filed numerous complaints against Quintana's correctional staff after Plaintiff was transferred to the SHU where his non-handicap-equipped cell was missing his medical equipment and where the non-handicap-equipped shower had a broken bottom shower button.

19. Plaintiff also wrote numerous letters to Defendant Jurgensen, acting Associate Warden at FCC-Victorville, and filed numerous complaints to and against Jurgensen, who would not allow Plaintiff to have handicap rails installed in his cell or his medical equipment.

20. Because of Defendants Quintana's and Jurgensen's failure to address his complaints, Plaintiff personally spoke about the failure to provide handicap accommodations to Mr. Robert McFadden of the Western Regional Office

3

SECOND AMENDED COMPLAINT
Exhibit A, Page 7

DOC. # DC-8109264 V.2

1  ("McFadden") and Mr. Harley G. Lappin of the Central Office ("Lappin") when
2  McFadden and Lappin were visiting FCC-Victorville.
3      21.    After Plaintiff spoke to McFadden and Lappin, McFadden and Lappin
4  sent Mr. L. Sterling of the Health Service Administration ("Sterling") to inspect
5  Plaintiff's cell. After Sterling's inspection, handicap rails were finally installed
6  around the toilet in Plaintiff's cell— approximately 10 months after Plaintiff's
7  transfer to that cell. Sterling also ordered handicap medical supplies for the
8  Plaintiff, including a wheelchair cushion and back brace.
9      22.    Despite the fact that Sterling ordered Plaintiff his handicap medical
10 supplies, Jurgensen refused to allow Plaintiff to have these supplies or a medical
11 trapeze.
12     23.    On numerous occasions, medical staff at FCC-Victorville
13 recommended to Defendant Allen that Plaintiff be transferred to a medical center
14 or a Care Level 3 facility, which is a handicap-equipped facility. However, even
15 though he was aware that Plaintiff was being denied his medical accommodations
16 for security reasons in a non-handicap accessible facility where he struggles to get
17 around every day, Allen repeatedly denied Plaintiff's requests for the medical
18 transfer without explanation.

## CAUSE OF ACTION
## FOR CRUEL AND UNUSUAL PUNISHMENT
## AND DELIBERATE INDIFFERENCE TO MEDICAL NEEDS
## IN VIOLATION OF THE EIGHTH AMENDMENT
## TO THE UNITED STATES CONSTITUTION
### (Against All Defendants)

25     24.    Plaintiff realleges and incorporates by this reference the allegations
26 contained in paragraphs 1 through 24, inclusive.

25. Defendant Quintana was aware that the correctional staff he supervised was denying Plaintiff his necessary medical accommodations and equipment, but failed to prevent this misconduct.

26. Defendant Jurgensen was not only aware that the correctional staff he supervised was denying Plaintiff his necessary medical accommodations and equipment and failed to prevent this misconduct, but also personally refused to provide Plaintiff will his necessary medical equipment or handicap rails around his toilet or in his shower.

27. Defendant Allen was aware that Plaintiff was in a non-handicap accessible facility wherein he was being denied his medical equipment and that FCC-Victorville medical staff recommended Plaintiff be transferred to a medical center or handicap-accessible facility, but repeatedly denied Plaintiff's requests for such a transfer.

28. Defendants Quintana, Jurgensen, and Allen thereby were deliberately indifferent to Plaintiff's medical needs and subjected Plaintiff to inhumane conditions of confinement.

29. As a direct and proximate result of Defendants Quintana's, Jurgensen's, and Allen's actions and inaction, Plaintiff has suffered physical injuries and emotional distress.

## PRAYER FOR RELIEF

NOW THEREFORE, Plaintiff prays for judgment in his favor and against Defendants Quintana, Jurgensen, Allen, and the Doe Defendants as appropriate to his claim, and specifically for the following relief:

1. Compensatory Damages in an amount according to proof;

2. For an order and judgment that Plaintiff be transferred to a medical correctional facility;

3. For attorneys' fees;

4. For costs of suit; and

1   5.   For such other and further relief as the Court may deem just and
2   proper.

5   Dated: December 13, 2012          STEPTOE & JOHNSON, LLP

7                                     By: /s/ Dylan Ruga
8                                        Dylan Ruga
                                         Noelle L. Chung
9                                        Michael M. Martinez

                                         Attorneys for Plaintiff
                                         Leon Thomas

## DEMAND FOR JURY TRIAL

Plaintiff Leon K. Thomas hereby demands a trial by jury on all issues as to which a jury is available.

Dated: December 13, 2012      STEPTOE & JOHNSON, LLP


By: /s/ Dylan Ruga
    Dylan Ruga
    Noelle L. Chung
    Michael M. Martinez

    Attorneys for Plaintiff
    Leon Thomas