1 | STEPTOE & JOHNSON LLP
DYLAN RUGA (SBN 235969)
2 | DAVID H. KWASNIEWSKI (SBN 281985)
2121 Avenue of the Stars, Suite 2800
3 | Los Angeles, California 90067-5052
Telephone: (310) 734-3200
4 | Facsimile:   (310) 734-3300
Email:      druga@steptoe.com
5 | Email:      dkwasniewski@steptoe.com

6 | Attorneys for Plaintiff
LEON THOMAS
7

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | LEON THOMAS,

Plaintiff,

vs.

FRANCISCO QUINTANA, et al.,

Defendants.

Case No.:  10-cv-02671 JGB (CW)

Honorable Jesus G. Bernal

**PLAINTIFF LEON THOMAS'
NOTICE OF MOTION AND
MOTION IN LIMINE NO. 5 TO
EXCLUDE EVIDENCE OF
STATEMENTS MADE BY
LEON THOMAS IN A
DOCUMENT ENTITLED
"NOTICE OF INTENT
LAWSUIT" DATED AUGUST
28, 2007**

Date:         March 9, 2015
Time:         11:00 a.m.
Courtroom:  1

Trial Date:    March 24. 2015

DOC. # DC-8467011

1    TO DEFENDANTS AND THEIR ATTORNEY OF RECORD:

2    PLEASE TAKE NOTICE THAT on March 9, 2015, at 11:00 a.m., or as

3    soon thereafter as counsel may be heard before the Honorable Jesus G. Bernal,

4    in Courtroom 1 of the George E. Brown, Jr., Federal Building and United

5    States Courthouse, 3470 Twelfth Street, Riverside, CA 92501, Plaintiff Leon

6    Thomas ("Mr. Thomas" or "Plaintiff") will move and hereby does move for an

7    order excluding any and all evidence, references to evidence, testimony or

8    argument relating to statements written by Mr. Thomas in a document created

9    years before the events that gave rise to this lawsuit entitled "Notice of Intent

10   Lawsuit" dated August 28, 2007.  Specifically, all evidence and argument

11   relating to statements from that document where Mr. Thomas writes: "It

12   should be known; I killed my last cellmate in 1985 and will harm anyone that

13   is placed in the cell with me."

14   This motion is based upon the grounds that the statements are not

15   relevant to any contested issue in this case and, thus, have no probative value

16   and, if admitted, would unfairly prejudice the plaintiff.

17   This motion is made under the provisions of Federal Rules of Evidence

18   401, 402, and 403, and is based upon the supporting Memorandum of Points

19   and Authorities, the pleadings and papers on file in this action, and upon such

20   of the argument and evidence as may be presented prior to or at the hearing of

21   this matter.

22   This motion is made following conference between counsel pursuant to

23   Local Rule 7-3 on February 5, 2015.

24   Dated:  February 9, 2015               STEPTOE & JOHNSON LLP
                                            Dylan Ruga
25                                          David H. Kwasniewski
                                            By:  /s/ *David H. Kwasniewski*
26
                                                 David H. Kwasniewski
27                                          Attorneys for Plaintiff
                                            LEON THOMAS
28

1
PLAINTIFF'S MOTION IN LIMINE NO. 5

DOC. # DC-8467011

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

All evidence admitted at this trial on Mr. Thomas's Eighth Amendment claim must be relevant to this central issue:

> Were Defendants deliberately indifferent to Plaintiff's serious medical needs by denying him an adequately equipped handicapped cell and by denying him his required medical equipment during his incarceration?

Notwithstanding, Defendants have indicated that they intend to offer as evidence at trial an unrelated document that Mr. Thomas wrote two years before the events that gave rise to this lawsuit.  This document contains inflammatory, but false, statements that may implicate Mr. Thomas in a murder.

This document and the statements contained therein have no bearing on whether Defendants denied Mr. Thomas the medical accommodations and equipment he needs while incarcerated.  If presented to the jury, there is a great risk that Mr. Thomas will be unfairly prejudiced because of the incendiary nature of the statements.  To prevent the jury from being misled and/or confused to give inappropriate weight to these irrelevant statements, these statements should be excluded under the Federal Rules of Evidence Rules 402 and 403 and Defendants should be prohibited from questioning Mr. Thomas on them.

## II.    FACTUAL BACKGROUND

This action stems from Defendants' violations of Plaintiff's Eighth Amendment Rights while Plaintiff was assigned to Cell 137 from August 26, 2009 to June 25, 2010.  During that time, Defendants denied Plaintiff a cell that contained adequate handicap accommodations to address Plaintiff's specific disability and medical needs as well as denied Plaintiff his necessary

1   medical equipment, including a back brace, a wheelchair cushion, and an
2   ambulatory device or trapeze.

3        In support of their motion for summary judgment, Defendants attempted
4   to use a document he wrote entitled "Notice of Intent Lawsuit" ("Notice")
5   dated August, 28, 2007[1] (two years prior to the events that lead to this current
6   lawsuit) against Plaintiff.  (Dkt. No. 105, p. 15, n. 15.)  Defendants argued that
7   in this document, Plaintiff "falsely claimed to have killed his last cellmate… in
8   order to prevent prison officials from giving him a cellmate."  (*Id.*)  The
9   document contains inflammatory statements such as: "It should be known I
10  killed my last cell mate and will harm anyone that is placed in the cell with
11  me."  (Ex. A.)  Plaintiff testified that he had never killed anyone and the
12  contrary statements in the Notice were false.  (Dkt. No. 105, p. 15, n. 15,
13  Thomas 192:11-21.)

14  **III.   DEFENDANTS SHOULD NOT BE ALLOWED TO INTRODUCE**
15         **INTO EVIDENCE THE STATEMENTS IN THE "NOTICE OF**
16         **INTENT LAWSUIT"**

17       The statements in the Notice have no relevance to any of the issues in
18  this action.  Only relevant evidence is admissible.  Fed. R. Evid. 402.  Under
19  Rule 401 of the Federal Rules of Evidence, evidence is relevant if it "has any
20  tendency to make a fact more probable or less probable than it would be
21  without the evidence."  Fed. R. Evid. 401; Fed. R. Evid. 402 (irrelevant
22  evidence is inadmissible); *Old Chief v. United States*, 519 U.S. 172, 178 (1997).
23  At trial, the jury will decide whether Defendants were deliberately indifferent
24  to Plaintiff's serious medical needs by denying him an adequately equipped
25  handicapped cell and by denying him his required medical equipment.  *See*
26  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  While Mr. Thomas never killed his

27  _____

28  [1] A true and correct copy of this two-page document bearing the Bates stamps
SU4-781 and SU4-782 is attached hereto as **Exhibit A**.

1   cellmate (nor was he ever accused, charged, or convicted of killing his

2   cellmate), whether Mr. Thomas committed such a crime has no bearing on

3   whether the Defendants violated Mr. Thomas's Eighth Amendment Rights.

4   By introducing the Notice and the statements therein into evidence, there is a

5   great danger that the jury will inappropriately focus its attention on the Notice

6   to Mr. Thomas's unfair prejudice.

7          Defendants may argue that the false statements go to Plaintiff's

8   credibility.  But even if evidence is considered relevant, the Court can exclude

9   the evidence if it tends to confuse the jury or to divert the jury's attention from

10  the issues in a case.  Fed. R. Evid. 403 ("The court may exclude relevant

11  evidence if its probative value is substantially outweighed by a danger of one or

12  more of the following: unfair prejudice, confusing the issues, misleading the

13  jury, undue delay, wasting time, or needlessly presenting cumulative

14  evidence.")

15         For example, in *U.S. v. Brooke*, 4 F.3d 1480, 1482–88, (9th Cir. 1993), the

16  Ninth Circuit held that the trial court improperly allowed the prosecutor to

17  introduce evidence that the defendant had lied about having cancer because

18  the evidence had limited probative value but was highly prejudicial and

19  inflammatory.  *Id.* at 1482-88.  The Court explained that evidence that the

20  defendant lied about a serious illness presented "a great danger of provoking

21  an emotional response in the jury or otherwise tending to affect adversely the

22  jury's attitude toward the defendant wholly apart from its judgment as to her

23  guilt or innocence."  *Id.* at 1486 (quotations and brackets omitted).

24        In *Cotton v. City of Eureka, Cal.*, No. C 08-04386 SBA, 2011 WL 4047490

25  (N.D. Cal. Sept. 8, 2011) the Court excluded statements attributed to the

26  decedent in a wrongful death action during his encounter with Defendants,

27  including the statement, "I did not rape my daughter."  The Court rejected

28  Defendants' argument that the comment was relevant in order to corroborate

1  the officers' observations that the decedent was on drugs and being combative.

2  Not only did the Court find that the statement was not relevant, it also

3  concluded, citing to Federal Rule of Evidence 403, that the statements must be

4  excluded because of its highly inflammatory nature and the risk of misleading

5  and/or confusing the jury:

6  　　[T]he introduction of such remark at trial would be highly inflammatory,
7  　　since it could mislead and/or confuse the jury regarding whether the
　　　Decedent was somehow implicated or suspected in a sexual assault of
8  　　his daughter.

9  (*Id.* at *11.)

10  　　Just as the *Cotton* decedent's statement implicating him in a rape were

11  too inflammatory and carried with it too great a risk of confusing the jury to be

12  admitted as evidence, so too is the case with Mr. Thomas's statements that

13  implicate him in a murder.  Making false statements about murdering someone

14  is likely to have the same "visceral impact that far exceeds its probative value"

15  as demonstrated in *Brooke*.  *Brooke*, 4 F.3d at 1487 (brackets omitted).  Thus,

16  because evidence that Mr. Thomas falsely wrote that he murdered his cellmate

17  pose "a great danger of prejudicing the jury against [him] for reasons wholly

18  apart from [his legal claims]," this evidence should be excluded.  *See id.*, at

19  1487.

20  **IV.   CONCLUSION**

21  　　Given the slight, if any, probative value of these statements, the Court

22  should exclude from evidence the statements in the Notice of Intent Lawsuit

23  (including all references to, testimony on, and argument relating to the Notice)

24  in order to avoid inciting the jury and unfairly prejudicing Mr. Thomas.

25  //
26  //
27  //
28

1    Dated:   February 9, 2015    STEPTOE & JOHNSON LLP

2              Dylan Ruga
                David H. Kwasniewski

3

4

5              By: */s/ David H. Kwasniewski*
                 David H. Kwasniewski

6              Attorneys for Plaintiff

7              LEON THOMAS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION IN LIMINE NO. 5

DOC. # DC-8467011

8-28-07

Supervisor office:                    (1)   Notice of Intent
                                              Law Suit

My name is Leon R. Thomas #06129-027, I write you this letter for the following reason. I am an handicap prisoner confined to a wheelchair and low ranking officers here at U.S.P. Terre Haute; prison are trying to place non-handicap inmates in the cell with me, in which I flat out refuse to accept; my reason for addressing this letter to you and your organization is because of the following. All low ranking officers state that the office of American Correction Association; allows us to do things such as this, so I ask for something in writting to verify this "as of yet I haven't recieve any documentation, stating your office or organization authorizes double celling of handicap prisoners against their will."

"Noted"

It should be known; I killed my last cellmate in 1985 and will harm anyone that is placed in the cell with me. "Also it should be known that your procedures are against and violates my rights under the Americans With Disablities Act and U.S.F.A.S standards.

= Cont's =

EXHIBIT A                                      SU4-781

(2)

I am attempting to solve or clear up this matter, before someone gets hurt or killed and your organization, be named in the lawsuit. "It should be noted or filed that anyone I hurt or kill again I will personally write an affidavit for their family so that they can sue; because I warn that anyone illegally placed in the cell with me will be harmed. All parties are now made aware."

Finally, All low ranking officers here at U.S.P Terre Haute, prison; states an keep stating that your office approve of this illegal act; against handicap prisoners; (If this isn't true I wish to be contacted or given some sort of documentation; If it is true I am requesting something in writing not to have an cellmate in my cell ever; Your recomendation is good enough to solve this problem.

✕ I await your reply!

Mr. Leon Thomas   #06129-0?
United States Penitentiary
P.O. Box 12015
Terre Haute, Indiana
47801

EXHIBIT A